**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| WILLIAM COPPOLA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 9:24-CV-98 |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William Coppola, a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends dismissing the Petition with respect to the mandatory supervision and good time claims and denying the claim concerning parole.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit. Petitioner claims the magistrate judge erroneously stated that he

was sentenced to 99 years in prison when he actually received an indeterminate sentence of 5-99 years.  This claim is incorrect.  The judgment states that the jury sentenced him to 99 years of imprisonment.  (#16-1 at 44-5.)  Petitioner's claims concerning mandatory supervision and his good time credits are barred by the statute of limitations, and Petitioner has not shown that he is entitled to relief with respect to the denial of parole in 2023.

In this case, Petitioner is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires Petitioner to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, Petitioner need not establish that he should prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *Slack*, 529 U.S. at 483-84.  If the petition was denied on procedural grounds, Petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling.  *Id*. at 484; *Elizalde*, 362 F.3d at 328.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of Petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that the procedural ruling was incorrect. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

### ORDER

Accordingly, Petitioner's objections (#39) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the Report and Recommendation of the magistrate judge (#38) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 1st day of June, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE